**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMBROSE DISTRIBUTING COMPANY, Respondent.**

**No. 20200.**

United States Court of Appeals
Ninth Circuit.

July 26, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, James Paras, Leonard M. Wagman, Attys., NLRB, Washington, D. C.,

Thomas P. Graham, Jr., Director, NLRB, Seattle, Wash., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for petitioner.

Eli A. Weston, Boise, Idaho, for respondent.

A. Neil Ambrose, Butte, Mont., in pro. per.

Before POPE, JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM:

On March 9, 1966, this court granted a petition of the National Labor Relations Board for the enforcement of an order issued by it against A. Neil Ambrose, an individual (see 358 F.2d 319). A decree was entered by this court on April 8, 1966. Rehearing was denied on April 26, 1966. Ambrose sought certiorari in the Supreme Court, which was denied on October 10, 1966 (385 U.S. 838, 87 S.Ct. 86, 17 L.Ed.2d 72). At that time, the decree of this court became final.

On May 11, 1967, the Board filed with this court a Petition for Adjudication in Civil Contempt and for Other Civil Relief. We issued an order directing Ambrose to answer the Board's allegations and to appear before this court on June 23, 1967 to show cause why he should not be adjudged in civil contempt. Ambrose filed his answer on June 14, and appeared, in person and by counsel, on June 23, 1967.

The pertinent portions of our decree are the following:

"ORDERED, ADJUDGED AND DECREED by the United States Court of Appeals for the Ninth Circuit that Ambrose Distributing Company, Wendell, Idaho, its officers, agents, successors and assigns shall * * *.

"2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Offer to Richard Byrd and Thomas Smith immediate and full reinstatement each to his former or substantially equivalent position without prejudice to seniority or other rights and privileges and make each whole for any loss of earnings suffered by reason of discharge as provided by that section of the Trial Examiner's Decision dated November 13, 1964, entitled 'The remedy.'
* * *

(d) Post at its terminals in Wendell, Idaho and Butte, Montana, copies of the notice attached hereto as an Appendix. Copies of said notice to be furnished by the Regional Director for the Nineteenth Region of the National Labor Relations Board (Seattle, Washington) shall, after being duly signed by the Respondent, be posted immediately upon receipt thereof and be maintained for a period of 60 consecutive days thereafter in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to insure that said notices are not altered, defaced or covered by any other material.

(d) (sic) Notify the aforesaid Regional Director, in writing, within 10 days from the date of this Decree, what steps the Respondent has taken to comply herewith."

On the record before us, we make the following

FINDINGS OF FACT

1. On May 24, 1966, the Regional Director of the Board sent to Ambrose, by mail, seven copies of the notice that Ambrose had been ordered to post in his premises in Wendell, Idaho and Butte, Montana.

2. Ambrose did not, at any time between October 10, 1966 and January 10, 1967, post, either at Wendell, Idaho, or at Butte, Montana, or at all, the notices that he was required to post by paragraph 2(d) of the decree of this court. At all times, Ambrose was able to do so.

3. Ambrose did, on January 10, 1967, post the required notice, in the required manner, at Butte, Montana, and did

maintain that posting for the required period of 60 consecutive days.

4. Ambrose did, on January 10, 1967, post the required notice at his place of business at Wendell, Idaho, but that posting was not done in the manner required by the decree of this court, in that it was not posted in a conspicuous place.

5. Ambrose has not, at any time since October 10, 1966, offered to Richard Byrd or to Thomas Smith immediate and full reinstatement to his former or a substantially equivalent position as required by paragraph 2(a) of the decree of this court.

6. Ambrose did not, within 10 days from October 10, 1966, notify the Regional Director, in writing, what steps he had taken to comply with the decree of this court.

7. On October 21, 1966, the Board's Compliance Officer, by letter, asked whether Ambrose had complied with the portions of the decree of this court quoted above. On November 8, 1966, Ambrose by his counsel, replied that notices had not been posted because the case was appealed, but expressed willingness to comply if the Compliance Officer would send the proper notices. The Compliance Officer did so on November 14, 1966. In his letter of that date, he again asked whether Ambrose had offered immediate and full reinstatement, as required by the decree. Neither Ambrose nor his counsel replied or did anything to comply with the decree. The notices were not posted, no offer of reinstatement was made to Byrd or Smith.

8. On November 28, 1966, the Board's Regional Director wrote to Ambrose and to his counsel, stating that he planned to recommend the initiation of contempt proceedings on December 7, 1966, unless evidence of compliance with the decree was received by that date. On November 29, 1966, Ambrose's counsel replied, stating that Ambrose was posting the notices on that day and would send letters to Byrd and Smith, but did not have their addresses. On December 1, 1966, the Board's Compliance Officer sent to Ambrose and his counsel a letter giving the addresses of Byrd and Smith, and asking for proof of the posting of the notices. No proof was sent by Ambrose or his counsel; the notices were not posted, no offer of reinstatement was sent to either Byrd or Smith.

9. On December 5, 1966, Ambrose's counsel wrote a letter to the Compliance Officer reading, in part, as follows:

"I have had a lengthy conference with Mr. Ambrose and I find that pursuant to a plan which he has been working on for several years, he will either lease or sell all of his trucks before the January license period. Under these circumstances, any job taken by Mr. Byrd or Mr. Smith would be only temporary. Would you inquire if they will waive the right to be offered re-employment. Please advise."

The Board's Petition for Adjudication in Civil Contempt contains the following allegations:

"II. Ambrose is, and has been at all material times herein, an individual proprietor doing business under the trade name and style of Ambrose Distributing Company, at Butte, Montana and Wendell, Idaho, and at all material times has maintained and does maintain a truck terminal at the latter location where he has employed and does employ upward of 30 truck drivers * * *.

* * * [O]n December 14 and 15, 1966, Ambrose's attorney, advised the Compliance Officer in telephone conversations that Ambrose, had sold his trucks as of January 1, 1967.

F. In fact Ambrose did not cease his trucking operations on January 1, 1967 or at any time since the decree and did not discontinue operating trucks at and from his Wendell terminal on January 1, 1967 or at any material time."

These allegations are admitted in Ambrose's answer to the Board's Petition, and we find that they are true.

10. On January 10, 1967, Ambrose, through his counsel, sent identical letters to Byrd and Smith, reading as follows:

"RE: Ambrose Distributing Co. Case No. 19-CA-2825

Dear Mr. Byrd:

Under the terms of the Order issued by the Board in the above entitled case, Ambrose Distributing Company is required to offer you re-instatement in your job with the Company. We suggest that you contact the Butte, Montana, office pertaining to re-employment.

Very truly yours,
WESTON & WESTON
Eli A. Weston"

On the same day, Ambrose's counsel sent copies of those letters to the Board's Compliance Officer, with a covering letter stating:

"Mr. Ambrose informs me that the truck driving jobs are no longer in existence."

On January 16, 1967, Ambrose's counsel wrote another letter to the Board's Compliance Officer, in which he stated:

"I have your letter of January 12, 1967, with copies sent to Ambrose Distributing Company. Apparently, I misunderstood your instructions over the telephone as I thought the only requirement would be to offer these people reemployment, thinking that when they inquired at Butte, Montana, for a job they would be told the situation as to other jobs or former jobs.

It is my understanding that the former jobs are all out of existence and that there are no substantially equal jobs available. I will ask for the information requested as to the nonexistence of driving jobs and I will ask for the names and addresses of all employees who have held the job formerly held by Byrd and Smith, also stating why they were terminated or transferred.

I see no objection to placing Byrd and Smith on a preferential list if Ambrose hires drivers in the future."

We find that the January 10 letters to Byrd and Smith do not comply with the requirements of paragraph 2(a) of our decree.

11. On April 13, 1967, Ambrose was advised by his counsel, in writing, as follows:

"I suggest the following:

1. That either you or I write an unequivocal firm offer to reinstate the two employees in question in Wendell or Butte, whichever they wish, to their former or equivalent positions."

Ambrose has not done so, nor has his counsel.

12. At no time has Ambrose complied with the requirements of paragraph 2 (a) of the decree of this court. At no time has Ambrose complied with the requirements of paragraph 2(d) of the decree of this court insofar as the same relates to posting notice at Wendell, Idaho. Ambrose has not complied with the requirements of the second subparagraph (d) of paragraph 2 of the decree of this court.

13. Ambrose and his counsel, acting in concert, have deliberately stalled and delayed compliance with the decree, and have misrepresented the facts to the Board and to this court.

We make the following

## CONCLUSIONS OF LAW

1. Ambrose is in civil contempt of this court in all of the particulars stated in paragraphs 2, 4, 5, 6, 7, 8, 10, 11, 12 and 13 of the foregoing findings of fact.

## JUDGMENT

It is adjudged that

1. Ambrose is in civil contempt of this court.

2. Ambrose shall, in order to purge himself of his contempt, do each of the following things:

(a) Forthwith and in good faith offer to Richard Byrd and Thomas Smith immediate and full reinstatement each to his former or substantially equivalent position without prejudice to seniority or other rights or privileges.

(b) Forthwith post, at his terminal in Wendell, Idaho, in the manner and

for the time prescribed in paragraph 2(d) of the decree of this court, the notice therein referred to.

(c) Make Richard Byrd and Thomas Smith each whole for all loss of pay due to the discrimination against him, the amount to be fixed by the Board, and approved by further order of the court.

(d) Forthwith comply in full with all of the terms and conditions of the decree of April 8, 1966.

(e) Post in conspicuous places at all of respondent's installations at Wendell, Idaho and Butte, Montana, including all places where notices to employees are customarily posted, for a period of 60 consecutive days, a notice to be furnished by the National Labor Relations Board, signed by the respondent, which states that he has been adjudicated in civil contempt for disobedience of the court's decree, that he will forthwith and in good faith, reinstate Richard Byrd and Thomas Smith to their former or substantially equivalent positions at Wendell, Idaho, and that he will take all of the other action in purgation ordered by the court, and maintain such notices and a copy of the contempt adjudication in clearly legible condition throughout such posting period, taking reasonable precautions that no part thereof is altered, defaced or covered by any other matter.

(f) File a sworn statement with the Clerk of this court and a copy thereof with the Director of the Board's 19th Region, within 20 days after the entry of this order, showing what steps have been taken by him to comply with this order and the decree of this court.

(g) Pay to the Board all costs and expenses, including counsel fees and salaries incurred by the Board in the investigation, preparation, presentation and final disposition of these proceedings, in an amount to be fixed by this court upon petition of the Board when these proceedings are finally concluded.

3. Upon the failure of respondent to make a satisfactory showing, this court will deal further with the matter by imposing upon respondent a compliance fine of $500 and a further compliance fine of $100 per day for each day of continued noncompliance, and by such other means as the court may direct.

4. The Clerk will enter an order accordingly.