**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMBROSE DISTRIBUTING COMPANY, Respondent.**

**No. 20200.**

United States Court of Appeals, Ninth Circuit.

March 23, 1971.

Michael Barkow (argued), Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Elliott Moore & Seth D. Rosen, Attys., Washington, D. C., Charles M. Henderson, Director, N. L. R. B., Seattle, Wash., for petitioner.

Richard Weston (argued), of Weston & Weston, Boise, Idaho, for respondent.

Before JERTBERG, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Before us is the petition of the National Labor Relations Board for enforcement of its supplemental order issued against respondent, Ambrose Distributing Company, on September 30, 1969, ordering respondent to pay its discharged employee, Richard F. Byrd, as net backpay the amount of $12,466.00, with interest at the rate of six percent per annum computed on the basis of quarterly amounts of net backpay due, less any tax withholding required by law. The Board's supplemental decision and order are reported at 178 NLRB No. 114.

The Board in the underlying unfair labor practice proceeding found that the Company violated Section 8(a) (3) and (1) of the Act by discharging Byrd to discourage union activities. On March 9, 1966, this Court entered its decree enforcing in full the remedial order of the Board which *inter alia* directed the Company to offer reinstatement to Byrd and to make him whole for the loss of any pay suffered by the Company's unfair labor practice. N. L. R. B. v. Ambrose Distributing Company, 358 F.2d 319 (C.A.9, 1966), cert. denied 385 U.S. 838, 87 S.Ct. 86, 17 L.Ed.2d 72.

On July 26, 1967, this Court adjudged respondent to be in civil contempt in failing to offer full reinstatement to Byrd. N. L. R. B. v. Ambrose Distributing Company, 382 F.2d 92 (C.A.9, 1967).

The specification covered a backpay period for Byrd running from March 12, 1964, the date of his discharge, until August 20, 1967, the day before his reinstatement.

The precise amount of gross backpay was computed under a comprehensive backpay formula. Interim earnings of Byrd, reduced where appropriate by travel expenses, were deducted from gross backpay yielding the net backpay due Byrd.

Respondent's main contention on this review is that the backpay formula used to compute the gross backpay is arbitrary, unsupportable and unreasonable.

Minor contentions are that the proper cut-off date for terminating respondent's liability is January 10, 1967, and not August 20, 1967; that Byrd was not entitled to any travel allowance during the backpay period; and that during the first two months following his discharge Byrd wilfully incurred a loss of earnings.

We have reviewed the record in light of respondent's contentions. We are unable to agree with respondent that the backpay formula adopted was arbitrary, distorted or unreasonable. In our view the amount of net backpay ordered is supported by substantial evidence on the record as a whole.

We find no merit in the minor contentions raised by respondent.

The application for enforcement of the supplemental order is granted.